IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| GATLUAK PUOT WELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| CONAGRA BRANDS, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant Conagra Brands, Inc. ("Conagra"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice that it has removed the above-captioned case from the Fifth Judicial District Court of Blue Earth County, Minnesota to the United States District Court for the District of Minnesota. In support of its Notice, Conagra states to the Court:

1. On August 3, 2021, Plaintiff Gatluak Puot Well ("Plaintiff") commenced a civil action, denominated as *Gatluak Puot Well v. Conagra Brands, Inc.* ("Complaint") in the Fifth Judicial District Court of Blue Earth County, Minnesota. On, August 20, 2021, Plaintiff served an Amended Complaint on Conagra. *See* Exhibit A, Plaintiff's Summons, Complaint, and Amended Complaint.

2. On information and belief, the Complaint and the Amended Complaint have not been filed with any court.

SLC-7977151-2

3.  Plaintiff's Amended Complaint alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Minnesota Human Rights Act ("MHRA"), and 42 U.S.C. § 1981 ("Section 1981").

4.  As set forth below, this Court has diversity jurisdiction, federal question jurisdiction and/or supplemental jurisdiction over this matter and removal is otherwise timely and proper.

## Removal Is Proper Based on Diversity Jurisdiction

### I. There Is Complete Diversity of Citizenship between the Parties

5.  A defendant may remove an action based on diversity of citizenship jurisdiction if there is complete diversity between all named plaintiffs and all named defendants, and no properly named defendant is a citizen of the forum state. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

6.  Citizenship of the parties is determined by their citizenship status at the commencement of the action.  28 U.S.C. § 1332(d)(7).

7.  Plaintiff alleges in his Amended Complaint that he is "a person . . . residing in Mankato, Blue Earth County, Minnesota.  *See* Ex. A, at Amended Complaint ¶ 1.  Upon information and belief based on his pleading, and Conagra's records of Plaintiff's residence during his prior employment with Conagra, Conagra asserts that Plaintiff is a citizen of the State of Minnesota.  *Id.*

8.  Plaintiff named only one defendant, Conagra Brands, Inc., in his Amended Complaint.  Conagra is a corporation.  *See* Ex. A, at Amended Complaint.

9. A corporation is a citizen of any state where it is incorporated and where its principal place of business is located. 28 U.S.C. § 1332(c).

10. A corporation's principal place of business is determined by the "nerve center" test, which looks to where the corporation maintains its corporate headquarters and where the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 90-94 (2010).

11. As Plaintiff acknowledges in his Amended Complaint, Conagra is, and was at the time of the filing of this action, a corporation incorporated in the State of Delaware with its principal place of business in Chicago, Illinois. *See* Ex. B, Amended Complaint ¶ 3.

12. Conagra is therefore a citizen of Delaware and Illinois for purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

13. Because Conagra is the sole defendant, no properly joined and served defendant is a resident of Minnesota.

14. Accordingly, complete diversity of citizenship exists here.

II. **The Amount in Controversy Exceeds $75,000.00**

15. Section 1332(a) requires that the amount in controversy in diversity actions exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). To demonstrate that the jurisdictional amount has been met, a removing party need only show that it is more likely than not that the amount in controversy exceeds $75,000. *See Delsing v. Starbucks Coffee Corp.*, No. 08-CV-1154, 2010 WL 1507642, *3 (D. Minn. Apr. 14, 2010); *see also* 28 U.S.C. § 1446(c)(2)(B) ("[R]emoval of the action is proper on

the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000].").

16. The amount in controversy in this case unquestionably exceeds $75,000. Plaintiff seeks lost wages and benefits, damages for emotional anguish, pain, and suffering, other compensatory damages, economic damages, treble damages, and punitive damages. *See* Ex. A, at Amended Complaint.

17. Plaintiff's claimed lost wages alone satisfies the jurisdictional amount. Plaintiff alleges that he resigned on November 1, 2019. *Id.* Plaintiff's hourly wage at the time of his resignation was $15.00 per hour, plus a shift differential of $1.50 per hour, and he worked approximately 40 hours per week. *See* Declaration of Brittany Reichel.

18. To date, Plaintiff has accrued 93 weeks of back pay, or approximately $61,380. Through a trial in approximately 18 months after removal, Plaintiff will have accrued up to approximately $112,860 in alleged lost back pay alone. These calculations do *not* include *any* estimation of overtime, bonuses, potential pay increases, and/or the value of any fringe benefits.

19. In addition, punitive damages are available for causes of action alleging discrimination. *See* 42 U.S.C. § 1981a(b)(1); *see also* Minn. Stat. §§ 363A.29. Punitive damages also may be included in determining the amount in controversy. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) (holding punitive damages "must be considered to the extent claimed in determining jurisdictional amount.")

20. It also is proper to consider the availability of attorneys' fees for purposes of determining the amount in controversy. *See Peterson v. BASF Corp.*, 12 F. Supp. 2d

964, 968 (D. Minn. 1998) (citing *State of Missouri ex. Rel. Pemiscot County, Mo. V. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995); *Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992); *Allison v. Security Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992)). Even a relatively modest award of actual damages under Title VII and the MHRA can lead to significant prevailing party attorneys' fees. For example, in the case of *Briel v. Chang O'Hara's Bistro, Inc.*, a plaintiff who obtained a low five figure verdict in her favor also received $83,792.25 in attorneys' fees. 2005 BL 2974 (D. Minn. Apr. 08, 2005); *see also See* Declaration of Jennifer Olson, at ¶ 2.

21. When Plaintiff's alleged lost wages, benefits, punitive damages, and attorneys' fees are taken into consideration, the amount in controversy in this matter plainly exceeds $75,000.00. Conagra denies Plaintiff is entitled to any such recovery and expects that it will prevail fully in this matter. However, as a threshold jurisdictional issue, "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a).

22. Accordingly, this Court has original subject matter jurisdiction over this action based on 29 U.S.C. § 1332(a) because there is complete diversity of citizenship between all parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**Removal Also Is Proper Based on Federal Question Jurisdiction**

23. The Court also has original jurisdiction over this civil lawsuit under 28 U.S.C. § 1331 because Plaintiff's claims against Conagra implicate the laws of the United States. Specifically, Plaintiff's Amended Complaint asserts claims against Conagra for

discrimination and unlawful conduct in violation of Title VII and Section 1981. *See* Ex. A, at Amended Complaint.

24. The Amended Complaint also alleges violations of the MHRA, which are state law claims. *Id.*

25. This Court has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

26. A district court may exercise supplemental jurisdiction over state law claims that form part of the same case or controversy. *See* 28 U.S.C. § 1367. Section 1367 provides, in pertinent part:

> In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367.

27. State law claims form the same case or controversy when they derive from a common nucleus of operative facts. *Graf v. Pinnacle Asset Grp., LLC*, 2015 BL 38463, *3 (D. Minn. Jan. 27, 2015) (citing *Myers v. Richland County*, 429 F.3d 740, 746 (8th Cir. 2005) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). Moreover, the requirement under Section 1367(a) for a court to exercise supplemental jurisdiction over state law claims is satisfied where a plaintiff "would ordinarily expect to

try them all in one judicial proceeding." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

28. This Court has supplemental jurisdiction over Plaintiff's MHRA state law claims because the claims are sufficiently related to Plaintiff's Title VII and Section 1981 claims. Plaintiff initiated a single proceeding to try all claims. Further, Plaintiff's MHRA claims rely on the same set of underlying facts as the Title VII and Section 1981 causes of action. Specifically, Plaintiff's federal and state claims against Conagra all arise out of the same alleged discriminatory conduct that he claims occurred during his employment with Conagra. *See* Ex. A, at Amended Complaint.

29. Indeed, Plaintiff's Amended Complaint has a single section that includes all factual allegations that form the basis of all claims alleged by Plaintiff in the Amended Complaint. *Id.* Plaintiff's use of a single set of facts for all claim demonstrates conclusively that the state law MHRA claims concern the same core factual issues as the Title VII and Section 1981 claims. *See id*. As such, this Court has supplemental jurisdiction over Plaintiff's MHRA state law claims. 28 U.S.C. § 1367.

## Venue and Procedural Matters

30. The United States District Court for the District of Minnesota is the appropriate venue for removal of Plaintiff's state court action, pursuant to 28 U.S.C. § 1441, which permits any civil action brought in any state court in which the District Courts of the United States have original jurisdiction, to be removed to the District Court of the United States for that district and division embracing the place where the state

court action is pending. Removal to this Court is therefore proper under 28 U.S.C. § 1441(a).

31. Through service of process, Plaintiff served Conagra with the Summons and Complaint on August 3, 2021. *See* Ex. A. As such, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days after receipt of the Complaint and is, therefore, timely.

32. No claim in this matter has been made non-removable by statute.

33. To the extent necessary, Conagra requests that the Court take supplemental jurisdiction over any claims pursuant to 28 U.S.C. § 1367. However, it is Conagra's position that the Court has original and diversity jurisdiction over all of Plaintiff's claims.

34. A copy of the Summons, Complaint, and Amended Complaint served upon Conagra is attached hereto as Exhibit A, as required by 28 U.S.C. § 1446(a), which constitutes all the process, pleadings, and orders served upon Conagra in this case to date.

35. Conagra reserves the right to amend or supplement this Notice of Removal.

36. By filing this Notice of Removal, Conagra does not waive any defenses that may be available to it.

37. Upon filing this Notice of Removal, Conagra will provide written notice to Plaintiff and file a copy of the Notice of Removal with the Clerk of the Fifth Judicial District Court of Blue Earth County, Minnesota.

Respectfully submitted,

Dated: September 2, 2021

BEST & FLANAGAN LLP

*s/ Jennifer L. Olson*
Joel P. Schroeder (#339556)
jschroeder@bestlaw.com
Jennifer L. Olson (#391356)
jolson@bestlaw.com
60 South 6th Street, Suite 2700
Minneapolis, MN 55402
Phone: (612) 843-5814


HUSCH BLACKWELL LLP

Brittany M. Falkowski, MO Bar No. 62876 (pro hac vice forthcoming)
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone: 314.480.1608
Facsimile: 314.480.1505
Brittany.Falkowski@huschblackwell.com

Catarina A. Colón, WI Bar No. 1104696 (pro hac vice forthcoming)
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: 414.978.5534
Facsimile: 414.223.5000
Catarina.Colon@huschblackwell.com


*Attorneys for Defendant Conagra Brands, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies the foregoing was filed with the Court on this 2nd day of September 2021, and served via first class mail, postage prepaid, with a courtesy copy via email upon:

Brian E. Cote
Cote Law Firm, Ltd.
600 Inwood Ave. N., Ste. 246
Oakdale, MN 55128
Telephone: (651) 447-5222
Brian@cotelaw.com
*Attorney for Plaintiff*

                                               *s/ Jennifer L. Olson*
                                               Jennifer L. Olson