EXHIBIT A

**State of Minnesota**                              **District Court**

| County of: | Judicial District: Fifth |
| Blue Earth | Court File Number: |
| | Case Type: Employment |

Gatluak Puot Well

_____
Plaintiff                                          **Civil Summons**

vs.

Conagra Brands, Inc.

_____
Defendant

This Summons is directed to (name of Defendant):

Conagra Brands, Inc.

1.      **You are being sued**. The Plaintiff has started a lawsuit against you. The *Complaint* is attached to this *Summons*. Do not throw these papers away. They are official papers that start a lawsuit and affect your legal rights, even if nothing has been filed with the court and even if there is no court file number on this *Summons*.

2.      **You must BOTH reply, in writing, AND get a copy of your reply to the person/ business who is suing you within 21 days to protect your rights.** Your reply is called an *Answer*. Getting your reply to the Plaintiff is called service.You must serve a copy of your *Answer or Answer and Counterclaim* (Answer) within 21 days from the date you received the *Summons* and *Complaint*.

        ANSWER: You can find the *Answer* form and instructions on the MN Judicial Branch website at www.mncourts.gov/forms under the "Civil" category.  The instructions will explain in detail how to fill out the *Answer* form.

3.      **You must respond to each claim.**  The *Answer* is your written response to the Plaintiff's *Complaint*. In your *Answer* you must state whether you agree or disagree with each paragraph of the *Complaint*. If you think the Plaintiff should not be given everything they asked for in the *Complaint*, you must say that in your *Answer*.

4.      SERVICE: **You may lose your case if you do not send a written response to the Plaintiff.** If you do not serve a written *Answer* within 21 days, you may lose this case by default. You will not get to tell your side of the story. If you choose not to respond, the Plaintiff may be

awarded everything they asked for in their *Complaint*. If you agree with the claims stated in the *Complaint*, you don't need to respond. A default judgment can than be entered against you for what the Plaintiff asked for in the *Complaint*.

To protect your rights, you must serve a copy of your *Answer* on the person who signed this *Summons* in person or by mail at this address:

600 Inwood Ave. N. Ste. 246, Oakdale, MN  55128

5.      Carefully read the Instructions (CIV301) for the *Answer* for your next steps.

6.      **Legal Assistance.** You may wish to get legal help from an attorney. If you do not have an attorney and would like legal help:

- Visit www.mncourts.gov/selfhelp and click on the "Legal Advice Clinics" tab to get more information about legal clinics in each Minnesota county.

- Court Administration may have information about places where you can get legal assistance.

**NOTE: Even if you cannot get legal help, you must still serve a written *Answer* to protect your rights or you may lose the case.**

7.      **Alternative Dispute Resolution (ADR).** The parties may agree to or be ordered to participate in an ADR process under Rule 114 of the Minnesota Rules of Practice. You must still serve your written *Answer*, even if you expect to use ADR.

Dated: 08/02/2021

Signature

Name: Brian E. Cote (ID 0218819)

Address: 600 Inwood Ave. N. Ste. 246

City/State/Zip: Oakdale, MN  55128

Telephone: 651-447-5222

E-mail address: brian@cotelaw.com

State of Minnesota                                   District Court

County of Blue Earth                                Fifth Judicial District
                                                    Case type: 7. Employment

---

Gatluak Puot Well,                          Court File: _____

        Plaintiff

v.                                              *COMPLAINT*

Conagra Brands, Inc.,                       Jury trial is demanded

        Defendant

---

Comes now Plaintiff Gatluak Puot Well, who states and alleges for his Complaint, as follows:

## THE PARTIES

1.    Plaintiff Gatluak Puot Well (a/k/a Daniel Gatluak Puot Well) is a person, age 54, residing in Mankato, Blue Earth County, Minnesota. Well's national origin is South Sudan and his first language is Nuer, having immigrated to the United States in 1990. Well's race is African American and his skin color is black.

2.    Well is a devoted member of the Seventh Day Adventist church, a Protestant Christian faith that is distinguished by its observation of Saturday as the Sabbath.

3.    Defendant Conagra Brands, Inc. is a Delaware corporation headquartered in Chicago, and its Minnesota registered agent is C T Corporation System, Inc., 1010 Dale St. N., St. Paul, MN 55117-5603. It owns food brands such

1

as Angie's Boomchickapop, Birds Eye, and Duncan Hines among others. Conagra employs approximately 16,500 persons.

4.      Conagra operates a food plant in North Mankato where it employs, upon information and belief, more than 1,000 persons, in the making and distribution of popcorn-related food products, including Angie's Boomchickapop.

## GENERAL ALLEGATIONS

5.      On or about August 9, 2010, Angie's Artisan Treats employed Well as a production employee in its North Mankato plant.

6.      In or about September 2017, Conagra purchased Angie's Artisan Treats and Well became an employee of Conagra.

7.      At all times of his employment at Conagra, Well performed his duties at or above the level expected for his position.

8.      Well has two bachelor's degrees and a master's degree, and he has worked as a court, public school, and medical interpreter.

9.      Well applied for multiple promotions during his employment, but he was never promoted. Instead, other applicants who were less qualified received the promotions.

10.      In or about August 2018, a lead employee (Justin l/n/u) yelled at Well and called him a "stupid monkey" and said he "worked like a dog." Well complained about the discriminatory incident, but human resources said it didn't happen.

11.      Justin also used an image of a monkey as a paper weight when he gave written work instructions to Well. Well complained to his supervisor and the quality

2

manager (Jeff l/n/u) that this was discriminatory based on his race, but nothing was done about it.

12.     Well complained that his pay rate was lower than his co-employees (for example, Hussein l/n/u), and that his supervisor (Calvin l/n/u) deducted work hours because of Well's race. Calvin and Justin were friends and Well complained they were discriminatory against him because of his race.

13.     On or about October 29, 2019, Well's lead (Jacob l/n/u), supervisor (Judy l/n/u), and a human resources manager (Brittany l/n/u) confronted him about reporting to work late on Saturday evenings. Well was scheduled to start at 6:00 p.m. on Saturdays, but he reported to work after sunset in observation of the Sabbath. Well explained that he had been doing that for several years. Well stated that the owners of Angie's and previous Conagra supervisors did not have a problem with his reporting late to work on Saturdays.

14.     Jacob, Judy, and Brittany objected to Well's reporting late to work on Saturdays. Brittany stated that if Well reported late to work, he would incur attendance points and he would be subject to discipline, including termination, according to Conagra's attendance policy.

15.     Well pleaded with Jacob, Judy, and Brittany and he prayed the "Our Father" with closed eyes and folded hands during the meeting.

16.     Later the same day, in frustration, Well submitted a written request for accommodation of his religion, and he called the Conagra hotline to complain

about denial of religion accommodation. Nothing was done in response to his request or hotline complaint.

17.     To avoid termination of his employment, and to escape the intolerable and unlawful harassment, retaliation, and discrimination, Well submitted a written resignation on or about November 1, 2019. Well's forced resignation constitutes a constructive discharge by Defendant.

18.     Well has exhausted his administrative remedies with the EEOC and the Minnesota Department of Human Rights.

<u>Counts I and II: Discrimination and Retaliation</u>
<u>Minnesota Human Rights Act, Minn. Stat. Ch. 363A</u>

19.     Plaintiff realleges the allegations above.

20.     Defendant, by and through its employees and agents, discriminated against Plaintiff based on his race, color, national origin, and religion, and it refused to accommodate his religion in violation of the Minnesota Human Rights Act.

21.     Defendant, by and through its employees and agents, retaliated against Plaintiff for complaining about unlawful discrimination and harassment in violation of the Minnesota Human Rights Act.

22.     As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff has sustained, and he will continue to sustain, lost wages and benefits, mental anguish and pain and suffering, and other compensatory and economic damages in excess of $50,000.

<u>Counts III and IV: Discrimination and Retaliation</u>
<u>42 U.S.C. §§ 2000e, *et seq.*</u>
<u>Title VII of the Civil Rights Act of 1964, as amended</u>

23.     Plaintiff realleges the allegations above.

24.     Defendant, by and through its employees and agents, discriminated against Plaintiff based on his race, color, national origin, and religion, and it refused to accommodate his religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*.

25.     Defendant, by and through its employees and agents, retaliated against Plaintiff for complaining about unlawful discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*.

26.     As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff has sustained, and he will continue to sustain, lost wages and benefits, mental anguish and pain and suffering, and other compensatory and economic damages in excess of $50,000.

<u>Counts V and VI: Discrimination and Retaliation</u>
<u>42 U.S.C. § 1981</u>

27.     Plaintiff realleges the allegations above.

28.     Defendant, by and through its employees and agents, discriminated against Plaintiff based on his race in violation of 42 U.S.C. § 1981.

29.     Defendant, by and through its employees and agents, retaliated against Plaintiff for complaining about race discrimination and harassment in violation of 42 U.S.C. § 1981.

30.     As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff has sustained, and he will continue to sustain, lost wages and benefits, mental anguish and pain and suffering, and other compensatory and economic damages in excess of $50,000.

WHEREFORE, Plaintiff prays for judgement against Defendant as follows:

1.     Judgment in excess of $50,000.

2.     Treble damages under the Minnesota Human Rights Act.

3.     Punitive damages as allowed under the MHRA, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981.

4.     Such other and further relief the Court deems just, proper, and equitable.

Date: 8/2/2021

/s/ Brian E. Cote
Brian E. Cote (Atty. ID 218819)
Cote Law Firm, Ltd.
600 Inwood Ave. N., Ste. 246
Oakdale, MN 55128
Tel. (651) 447-5222
E-mail: brian@cotelaw.com
*Attorney for Plaintiff*

## ACKNOWLEDGMENT

I, Brian E. Cote, attorney for Plaintiff, hereby acknowledge that costs, disbursements and reasonable attorney and witness fees may be awarded to Defendant in accordance with Minn. Stat. § 549.211 if this action has been found to have been brought in bad faith or if the claims asserted herein are frivolous.

Date: <u>8/2/2021</u>                                        <u>/s/ Brian E. Cote</u>

                                                                              Brian E. Cote (Atty. ID 0218819)

                                                                              Cote Law Firm, Ltd.

                                                                              600 Inwood Ave. N., Ste. 246

                                                                              Oakdale, MN 55128

                                                                              Tel. (651) 447-5222

                                                                              E-mail: brian@cotelaw.com

                                                                              *Attorney for Plaintiff*

7

 **CT Corporation**

**Service of Process Transmittal**
08/20/2021
CT Log Number 540114605

**TO:**   Catherine Early
Conagra Brands
222 MERCHANDISE MART PLZ STE 1300
CHICAGO, IL 60654-1010

**RE:**   **Process Served in Minnesota**

**FOR:**   CONAGRA BRANDS, INC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gatluak Puot Well, Pltf. vs. Conagra Brands, Inc., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified Case # NONE |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Inc, Saint Paul, MN |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/20/2021 at 13:21 |
| **JURISDICTION SERVED :** | Minnesota |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/20/2021, Expected Purge Date: 08/25/2021 |
| | Image SOP |
| | Email Notification,  Catherine Early  catherine.early@conagra.com |
| | Email Notification,  Carey Bartell  carey.bartell@conagra.com |
| | Email Notification,  Sonia Waiters  sonia.waiters@conagra.com |
| | Email Notification,  Hank Turner  hank.turner@conagra.com |
| | Email Notification,  Leah Casto  leah.casto@conagra.com |
| **REGISTERED AGENT ADDRESS:** | CT Corporation System, Inc 1010 Dale Street N Saint Paul, MN 55117 |
| | 866-331-2303 CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s)

 CT Corporation

**Service of Process Transmittal**
08/20/2021
CT Log Number 540114605

**TO:**   Catherine Early
Conagra Brands
222 MERCHANDISE MART PLZ STE 1300
CHICAGO, IL 60654-1010

**RE:**   **Process Served in Minnesota**

**FOR:**   CONAGRA BRANDS, INC  (Domestic State: DE)

of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| - | By Process Server on 08/03/2021 at 09:32 | Catherine Early
Conagra Brands | 540010635 |

Conagra Brands Inc.

State of Minnesota                                    District Court

County of Blue Earth                                 Fifth Judicial District
                                                     Case type: 7. Employment

---

Gatluak Puot Well,                          Court File: _____

      Plaintiff

v.                                          *__AMENDED COMPLAINT__*

Conagra Brands, Inc.,                       Jury trial is demanded

      Defendant

---

     Comes now Plaintiff Gatluak Puot Well, who states and alleges for his

Complaint, as follows:

## THE PARTIES

    1.    Plaintiff Gatluak Puot Well (a/k/a Daniel Gatluak Puot Well) is a

person, age 54, residing in Mankato, Blue Earth County, Minnesota. Well's national

origin is South Sudan and his first language is Nuer, having immigrated to the

United States in 1990. Well's race is African American and his skin color is black.

    2.    Well is a devoted member of the Seventh Day Adventist church, a

Protestant Christian faith that is distinguished by its observation of Saturday as

the Sabbath.

    3.    Defendant Conagra Brands, Inc. is a Delaware corporation

headquartered in Chicago, and its Minnesota registered agent is C T Corporation

System, Inc., 1010 Dale St. N., St. Paul, MN 55117-5603. It owns food brands such

1

as Angie's Boomchickapop, Birds Eye, and Duncan Hines among others. Conagra employs approximately 16,500 persons.

4.     Conagra operates a food plant in North Mankato where it employs, upon information and belief, more than 1,000 persons, in the making and distribution of popcorn-related food products, including Angie's Boomchickapop.

## GENERAL ALLEGATIONS

5.     On or about August 9, 2010, Angie's Artisan Treats employed Well as a production employee in its North Mankato plant.

6.     In or about September 2017, Conagra purchased Angie's Artisan Treats and Well became an employee of Conagra.

7.     At all times of his employment, Well performed his duties at or above the level expected for his position.

8.     Well has two bachelor's degrees and a master's degree, and he has worked as a court, school, and medical interpreter.

9.     Well applied for multiple promotions during his employment, but he was never promoted. Instead, other applicants who were less qualified and who were of a different race, color, national origin or religion as Well received the promotions.

10.     In or about August 2018, a lead employee (Justin l/n/u) yelled at Well and called him a "stupid monkey" and said he "worked like a dog." Well complained that Justin's name-calling was discriminatory based on Well's race, but human resources said it didn't happen.

2

11.     Justin also used an image of a monkey as a paper weight when he gave written work instructions to Well. Well complained to his supervisor and the quality manager (Jeff l/n/u) that this was discriminatory based on his race, but nothing was done about it.

12.     Well complained that his pay rate was lower than his co-employees (for example, Hussein l/n/u), and that his supervisor (Calvin l/n/u) deducted work hours because of Well's race. Calvin and Justin were friends and Well complained they were discriminatory against him because of his race.

13.     On or about October 29, 2019, Well's lead (Jacob l/n/u), supervisor (Judy l/n/u), and a human resources manager (Brittany l/n/u) confronted him about reporting to work late on Saturday evenings. Well was scheduled to start at 6:00 p.m. on Saturdays, but he reported to work after sunset in observation of the Sabbath. Well explained that he had been doing that for several years. Well stated that the owners of Angie's and previous Conagra supervisors did not have a problem with his reporting late to work on Saturdays.

14.     Jacob, Judy, and Brittany objected to Well's reporting to work late on Saturdays. Brittany stated that if Well reported to work late, he would incur attendance points and he would be subject to discipline, including termination, according to Conagra's attendance policy.

15.     Well pleaded with Jacob, Judy, and Brittany and he prayed the "Our Father" with closed eyes and folded hands during the meeting.

16.     Later the same day, in frustration, Well submitted a written request for accommodation of his religion, and he called the Conagra hotline to complain about denial of religion accommodation. Nothing was done in response to his request or hotline complaint.

17.     To avoid termination of his employment, and to escape the intolerable and unlawful harassment, retaliation, and discrimination, Well submitted a written resignation on or about November 1, 2019. Well's forced resignation constitutes a constructive discharge by Defendant.

18.     Well has exhausted his administrative remedies with the EEOC and the Minnesota Department of Human Rights.

### Counts I and II: Discrimination and Retaliation
### Minnesota Human Rights Act, Minn. Stat. Ch. 363A

19.     Plaintiff realleges the allegations above.

20.     Defendant, by and through its employees and agents, discriminated against Plaintiff based on his race, color, national origin, and religion, and it refused to accommodate his religion in violation of the Minnesota Human Rights Act.

21.     Defendant, by and through its employees and agents, retaliated against Plaintiff for complaining about unlawful discrimination and harassment in violation of the Minnesota Human Rights Act.

22.     As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff has sustained, and he will continue to sustain, lost wages and benefits,

4

mental anguish and pain and suffering, and other compensatory and economic damages in excess of $50,000.

Counts III and IV: Discrimination and Retaliation
42 U.S.C. §§ 2000e, *et seq.*
Title VII of the Civil Rights Act of 1964, as amended

23.  Plaintiff realleges the allegations above.

24.  Defendant, by and through its employees and agents, discriminated against Plaintiff based on his race, color, national origin, and religion, and it refused to accommodate his religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*

25.  Defendant, by and through its employees and agents, retaliated against Plaintiff for complaining about unlawful discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*

26.  As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff has sustained, and he will continue to sustain, lost wages and benefits, mental anguish and pain and suffering, and other compensatory and economic damages in excess of $50,000.

Counts V and VI: Discrimination and Retaliation
42 U.S.C. § 1981

27.  Plaintiff realleges the allegations above.

28.  Defendant, by and through its employees and agents, discriminated against Plaintiff based on his race in violation of 42 U.S.C. § 1981.

5

29.     Defendant, by and through its employees and agents, retaliated against Plaintiff for complaining about race discrimination and harassment in violation of 42 U.S.C. § 1981.

30.     As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff has sustained, and he will continue to sustain, lost wages and benefits, mental anguish and pain and suffering, and other compensatory and economic damages in excess of $50,000.

WHEREFORE, Plaintiff prays for judgement against Defendant as follows:

1.     Judgment in excess of $50,000.

2.     Treble damages under the Minnesota Human Rights Act.

3.     Punitive damages as allowed under the MHRA, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981.

4.     Such other and further relief the Court deems just, proper, and equitable.

Date: 8/20/2021                          /s/ Brian E. Cote
                                         Brian E. Cote (Atty. ID 218819)
                                         Cote Law Firm, Ltd.
                                         600 Inwood Ave. N., Ste. 246
                                         Oakdale, MN 55128
                                         Tel. (651) 447-5222
                                         E-mail: brian@cotelaw.com
                                         *Attorney for Plaintiff*

## ACKNOWLEDGMENT

I, Brian E. Cote, attorney for Plaintiff, hereby acknowledge that costs, disbursements and reasonable attorney and witness fees may be awarded to

6

Defendant in accordance with Minn. Stat. § 549.211 if this action has been found to

have been brought in bad faith or if the claims asserted herein are frivolous.

Date: 8/20/2021                        /s/ Brian E. Cote
                                             Brian E. Cote (Atty. ID 0218819)
                                             Cote Law Firm, Ltd.
                                             600 Inwood Ave. N., Ste. 246
                                             Oakdale, MN 55128
                                             Tel. (651) 447-5222
                                             E-mail: brian@cotelaw.com
                                             *Attorney for Plaintiff*